FILED

MAR 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

C. HENRY EKWEANI; IJEAMAKA
EKWEANI,

                Plaintiffs - Appellants,

  v.

MARICOPA COUNTY SHERIFF'S
OFFICE; et al.,

                Defendants - Appellees.

No. 10-16397

D.C. No. 2:08-cv-01551-FJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

    C. Henry Ekweani and Ijeamaka Ekweani appeal pro se from the district

court's summary judgment in their 42 U.S.C. § 1983 action alleging Fourth

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, the Ekweanis'
request for oral argument is denied.

Amendment and state law violations arising from their arrests. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). We affirm.

The district court properly granted summary judgment on the Ekweanis' false arrest claims because defendants had probable cause to arrest the Ekweanis for harassment after they placed numerous calls in two hours to 911 and the sheriff's department's non-emergency number to demand the return of their missing keys, despite being repeatedly warned that continuing to call 911 regarding their keys could lead to their arrest. *See Lassiter v. City of Bremerton*, 556 F.3d 1049, 1053 (9th Cir. 2009) ("Probable cause exists when the facts and circumstances within the officer's knowledge are sufficient to cause a reasonably prudent person to believe that a crime has been committed."); *see also* Ariz. Rev. Stat. § 13-2921 (a person commits harassment if, with knowledge that he is harassing another person, he communicates with another person by telephone in a manner that harasses that person).

The district court properly granted summary judgment on the Ekweanis' excessive force claims because, viewing the evidence in the light most favorable to the Ekweanis, defendant Campbell's use of force in arresting and detaining Henry Ekweani was reasonable. *See Graham v. Connor*, 490 U.S. 386, 396-397 (1989)

("The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.")

We affirm the grant of summary judgment on the Ekweanis' state law claims for the reasons set forth in the district court's order entered on May 24, 2010.

The Ekweanis' remaining contentions are unpersuasive.

**AFFIRMED.**